# COMPLAINT
(for filers who are prisoners without lawyers)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

BALSEWICZ, John H.

AKA: "MELISSA BALSEWICZ",

Pro se,

v.

Case Number:

(Full name of defendant(s))

(to be supplied by Clerk of Court)

PAWLKY, Jon, (SERGEANT/WCI),

BOTH: PERSONAL & OFFICIAL CAPACITIES.

Et. al.

CIVIL RIGHTS COMPLAINT; 42 U.S.C. § 1983
28 U.S.C. § 1331 & 28 U.S.C. § 1343

A. PARTIES

1. Plaintiff is a citizen of ___WISCONSIN___, and is located at
   (State)
   "WAUPUN CORRECTIONAL INSTITUTION"
   200 S. Madison Street, Post Office Box 351, Waupun, WI. 53963.
   (Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper.)

2. Defendant ___SERGEANT, JON PAWLKY___ et.al
   (Name)
   is (if a person or private corporation) a citizen of ___WISCONSIN___
   (State, if known)

Complaint – 1

and (if a person) resides at <u>PERSONAL INFORMATION of PRISON STAFF NOT GIVEN TO INMATES</u>
(Address, if known)
and (if the defendant harmed you while doing the defendant's job)
worked for <u>WISCONSIN DEPARTMENT of CORRECTIONS: DIVISION OF ADULT INSTITUTIONS: WAUPUN CORR. INST.; 3099 E. Washington Avenue, P.O. Box 7925, madison, WI. 53707-7925.</u>
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.  STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

| | |
|---|---|
| STATEMENT OF CASE: Procedural | 3 |
| EXHAUSTION ° PLRA | 3 |
| STATEMENT OF FACTS: Claims & Injuries | 3 |
| Timeline of Events: | 4 |
|     A. Pre-THREAT | 4 |
|     B. The THREAT "RETALIATION" | 4 |
|     C. The BEATING | 5 |
|     D. Post-BEATING | 5 |
| EIGHTH AMENDMENT | 9 |
|     A. FAILURE to PROTECT | 9 |
|     B. DELIBERATE INDIFFERENCE | 9 |

# STATEMENT OF CLAIM

## Statement of Case:
### I. Procedural

1. This is a 42 U.S.C. § 1983 Action; brought by an Inmate: John H. "Melissa" Balsewicz, confined at all times relevant to claims and injuries in this action, to the Waupun Correctional Institution, located at 200 S. Madison Street, Post Office Box 351, Waupun, WI. 53963. In which she files suit against: Sergeant, Jon Pawlky, for violations of her Constitutional Rights. Her original 42 U.S.C. §1983 Action was filed on October 9, 2017. She voluntarily dismissed her own suit, upon further consideration, elected to remove a second defendant (too complicated) now re-files her 42 U.S.C. § 1983 against: Defendant: Sergeant, Jon Pawlky. See: Id at: Balsewicz v. Pawlky, 17-cv-1371-JPS, U.S.D.C. for E.D of Wis., U.S. Dist. Lexis 183111, her case closed, November 6, 2017.

### II. Exhaustion: PLRA

2. The Inmate Complaint Review System, an Administrative Mechanism which inmates must file grievances to exhaust under the Wisconsin Administrative Code Chapter § 310.05, See: Pozo v. McCaulthry, 286 F.3d 1022 (7th Cir. 2002), Exhaustion is required and is an affirmative defense the defendant must prove. YET. Plaintiff Balsewicz has exhausted all available Administrative Remedies to her! {Inmate Complaint: "Failure to Protect" (DOC-400)-WCI-2017-12851 (05-07-17); ICE Receipt (DOC-410) (05-18-17); ICE Report (DOC-401)(06-06-17); RAD (DOC-403)(06-10-17); Appeal (DOC-405)(06-12-17); CCE Receipt (DOC-405 A) (06-16-17); CCE Report (DOC-404)(06-19-17); and the COS (DOC-403)(06-28-17) -- Every Step Dismissed·Affirmed·FINAL.

### III. Statement of Fact: Claims & Injuries

3. Plaintiff John H. "Melissa" Balsewicz was both: Accosted and Threatened with physical violence on May 5, 2017; she informed Defendant: Sergeant, Jon Pawlky! Then Accosted and beaten unconscious on May 7, 2017 · because Defendant Pawlky failed to protect her. His Job! from another inmate: Denzel Samonte Rivers WIDOC 503053. Defendant Pawlky took absolutely no safety precautionary and/or preventive measures to ensure her safety. Not even the minimum steps of: documenting or reporting such THREAT to a supervisor... Moving one or both into Temporary Lock-up for investigation into such THREAT. See: Wis. Admin Code § 303.10 (1)(4)(c); § 303.18 (1). Id. It is Plaintiff's belief, due to her recent complaints of Defendant Pawlky, he turned a blind eye to her beating by first turning on a deaf ear to her cries & pleas about such a THREAT! If record is slim of documentary evidence, it's due to Defendant Pawlky! See: many witnesses Declarations Attached! Id.—

## IV. TIMELINE OF EVENTS

### A. PRE-THREAT:

4. For weeks prior to all this, Plaintiff BALSEWICZ had been attempting to submit inmate complaints against Defendant PAWLKY for denying her medication and showers. It is for this reason, it is asserted and contended, she believes Defendant PAWLKY began harassing and reprising against Plaintiff BALSEWICZ — Even allowing her to be harmed via thereby turning a blind eye to her BEATING by first turning on a deaf ear to her cries & pleas about such a THREAT! Id. — Petty yes; realistic yes!

### B. THE THREAT: RISK OF HARM: MAY 5, 2017:

5. At the WCI, North Cell Hall ("NCH"), while TRANSITION SHOWERS were being run in the Bath House, Plaintiff BALSEWICZ was ACCOSTED and THREATENED by Inmate RIVERS. In which she was told by Inmate RIVERS to stay out of a shower stall in-between both inmate(s): Cashay HENDERSON WDOC 641443 and Homer S. "GIA" WASHINGTON WDOC 612930. When Plaintiff BALSEWICZ asked: "Why?" Inmate RIVERS replied: "Don't worry about it, Punk Ass 'Hunky'!" Then Inmate RIVERS THREAT of physical violence: "I'll beat the fuck out of you!" Then Travis "AMBER" SPENCER WDOC 525561, asked: "Why you THREATEN her like that?" And Inmate RIVERS yelled back: "Mind your business before you get some treatment ("THREATENING") All named inmates are TRANSGENDERS suffering with GENDER DYSPHORIA - <u>but</u> for Inmate RIVERS!

6. Plaintiff BALSEWICZ finished with her shower and left the Bath House. She went directly to SERGEANTS CAGE located at the front of the NCH. She, matter of factly, informed Defendant SERGEANT, JON PAWLKY (Regular Second Shift) of everything which had transpired in the NCH Bath House, e.g., just minutes prior to: been ACCOSTED and THREATENED by Inmate RIVERS with physical violence. Also that Inmate RIVERS is NOT TRANSGENDER! So he shouldn't be showering with us! To do so places "us" at risk! Further of policies and procedures for: Prison Rape Elimination Act ("PREA") Red Book; WDOC-DAI Chapter 500.70.27. GENDER DYSPHORIA. As well as, certain Accommodations: female undergarments; single cell; privacy shower! No known policy or procedure permits Inmate RIVERS to shower with "us" as TRANSGENDER/ GENDER DYSPHORIA; nor did he meet the criterias under afore-stated policies and procedures: as a victim of childhood molestation to shower as such! And even the WDOC Specialist/Consultant on GENDER DYSPHORIA, Ms. Cynthia OSBOURN (MSW); or some clinician at DODGE Corr. Inst. had DENIED Inmate RIVERS a diagnosis of being TRANSGENDER and/or GENDER DYSPHORIC — Inmate: DENZEL SAMONTE RIVERS WDOC 503053 had told all above-noted TRANSWOMEN of such!

Complaint - 4

### C. THE BEATING: Failure to Protect: MAY 7, 2017:

7. The NCH went to lunch in the Northside Dining Hall at 11:30 AM. As all inmates exited doors returning to NCH; Inmate RIVERS just turned and without any type of provocation or warning; had punched Plaintiff BALSEWICZ several extremely hard times about her head. She collapsed and laid about "unconscious" for awhile according to inmate witnesses. SEE: SWORN DECLARATIONS by: Darrin S. McElhatton 350437; Joseph L. OTT 464744; Even Homer S. "GIA" WASHINGTON 612930. They also state Inmate RIVERS had Kicked/Stomped her as she was down. CAMERA FOOTAGE won't lie! She eventually got up and informed security (C.O. II KIJEK) at overpass; and also to SGT. SANCHEZ in the NCH. Reiterating to them events of both MAY 5 and 7, 2017. She was examined at WCI/HSU by RN. M. MASAR; then allowed to return to her cell. Inmate RIVERS was relocated to Restrictive Housing unit. PUNCHED UNCONSCIOUS NOT DE MINIMUS INJURY! Id.-

8. LATER, same day, when Defendant: SERGEANT JON PAWLKY, came on duty; Plaintiff BALSEWICZ ASKED: "What exactly did you do with my complaint/concern of Inmate RIVERS THREATS of Physical violence to me?" Defendant PAWLKY simply ANSWERED: "Nothing, but now I guess I have to!" She ASKED him: "You heard what happened to me earlier that day?" Defendant PAWLKY REPLIED: "YEAH!" And when she ASKED him: "Why hadn't he at least documented and/or Reported her complaint/concern of Inmate RIVERS THREAT of Physical violence — with a Supervisor —?" Defendant PAWLKY REPLIED: "I'm about to!" He NEVER did!

### D. POST-BEATING

9. Still months later, after the fact, Defendant PAWLKY, plays with if not refusing/depriving Plaintiff BALSEWICZ of her medication (Lithium for Bi-Polar 2 disorder serious medical need SEE: Estelle v. GAMBLE, 429 U.S. 97 (1976). Plaintiff BALSEWICZ vigorously and relentlessly attempted to submit (new) numerous inmate complaints; but the Institution Complaint Examiner, TONIA MOON so frustrated, impeded, until time deadline expired — so unable to file AND/OR ... dates showing Dates of Incidents were one (1) day off ("lie") rejecting ... That Plaintiff BALSEWICZ voluntarily dismissed her first complaint filed in order to try and exhaust — too frustrating and complicated MOON made it! Plaintiff BALSEWICZ has significant claims but MOON made it virtually impossible to continue! "Tonia MOON literally made it so she could argue her suit on these serious medical needs, NEVER." Yet, Plaintiff BALSEWICZ believes these claims are exhausted!

10. SEE: BALSEWICZ'S DECLARATION ¶ 3 " " and SUPPORTING DOCUMENT pgs —

11. Plaintiff BALSEWICZ complaint WCI-2017-12851 FAILURE TO PROTECT— 05-07-17 was only submitted & filed with the aid of her social worker! All complaints submitted otherwise were frustrated, impeded, interferred, to allow deadline to expire to not file her complaints. And as argued in complaints MOON was to such to protect Defendant SERGEANT JON PAWLKY!

12. Defendant PAWLKY, during investigation, told NCH supervisor: Captain, Robert RYMARKIEWICZ; and, Institution complaint Examiner, Tonia MOON, that Plaintiff BALSEWICZ did not complain of being THREATENED. NON-SENSE! No coincidence and very convenient to claim this esspecially when she complained of him NOT doing anything to protect her! Even though his statements somewhat support her contention. NCH showers are considered mass-movement. So when Plaintiff BALSEWICZ went to SERGEANT'S CAGE "SNITCHING" to Defendant PAWLKY of Inmate RIVERS THREATENING her - in full view and hearing distance of so many other inmates; had observed and overheard her cries which fell upon deaf ears! Maximum Security Prison; inmates NEVER "SNITCH" so openly unless in fear of something violent imminently about to occur! SEE: SWORN DECLARATIONS by: Darrin S. McELHATTON 350437; Cashay B. HENDERSON 641443; Pablo PARRILLO, Jr. 300057; Homer S. "GIA" WASHINGTON 612930. All observed/overheard Plaintiff BALSEWICZ at SERGEANT'S CAGE "SNITCHING" to Defendant PAWLKY concerning being THREATENED by Inmate RIVERS at Bath House during TRANSITION showers on MAY 5, 2017. As well as, Cody A. LONG 558710; Post-RHU status for Inmate RIVERS, had observed/overheard him bragging to other inmates why/ how he had knocked her out for "SNITCHING" on him for THREATENING her, to Defendant PAWLKY. Thereby, pointing out inmates which told him. W.

13. Defendant PAWLKY Admits Plaintiff BALSEWICZ went to him at SERGEANT'S CAGE and complaining of Inmate RIVERS NOT being a GENDER DYSPHORIC inmate and should NOT be showering with "us". This shows she did complain to him on MAY 5, 2017. She was at Risk as a TRANSGENDER with GENDER DYSPHORIA! This also shows Defendant PAWLKY has selective memory, in which he reported during investigation only half of what she complained of. Plaintiff BALSEWICZ, et. al, were aware of Inmate RIVERS LIE of being TRANSGENDER-GD. Just to reap some of the benefits; e.g., single cell, privacy shower, etc.. Prison, right, so she kept quite, until Inmate RIVERS became THREATENING to the other TRANSWOMEN and her! She had no problem with Inmate RIVERS until his THREAT - after all Inmate RIVERS had already been showering with "them" for close to a month! Although, both TRANSGENDERS and TRANSITION inmates (New Arrivals to WCI; RHU releases) shower at same time - they're made to shower further down and watched and at least one shower stall is kept empty between us - so Inmate RIVERS simply showering with "us"; his pretending to being one of the ladies to being allowed to shower with "us" for sexual favors put "us" all at RISK - we shower as "we" do to prevent this! (TRANSGENDER ISSUES v. THREAT of Physical Harm = IDENTICAL!) Defendant SERGEANT, JON PAWLKY; his Rank, experience with working with TRANSWOMEN-GD inmates shows he has knowledge of the Risks of TRANSWOMEN-GD. inmate face in prison! SEE: VELEZ v. JOHNSON, 395 F.3d 732, 736 (7th Cir 2005).

14. Inmate RIVERS alleged Plaintiff BALSEWICZ had groped his buttocks so a PREA-investigation ensued. LIEUTENENT, JEREMIAH LARSON conducted the investigation. CAMERA FOOTAGE in & out of

North Side Dining Hall show us no where near each other! Cameras showed him slow his pace then when she got close enough, without any provocation or warning just turned and he began punching her - Inmate RIVERS is the body builder type - during this Attack he BEAT her "UNCONSCIOUS"! SEVEN (7) CAMERAS Total. Inmate RIVERS complains to prison officials of a false PREA claim; Yet, Brags to other inmates of "knocking her out for snitching" to the Defendant SERGEANT, JON PAWLKY about the THREAT he made against her! SEE: SWORN DECLARATION BY: CODY A. LONG 558710. Just TEN (10) days being released from segregation; Inmate RIVERS, yet again, VERY LOUDLY, THREATENED another TRANSGENDER with GENDER DYSPHORIA, MS. HOMER S. "GIA" WASHINGTON 612930; In very same Bath House - while a "Lieutenent" and "Sergeant" stood mere feet away observing and overhearing everything, July 7, 2017; Then history repeated when Inmate RIVERS carried out his THREAT Against MS. WASHINGTON! Attacking and Beating her from behind as she was sitting; many witnesses and CAMERA FOOTAGE won't LIE, July 8, 2017. And, likewise, Inmate RIVERS also alleged a PREA claim against MS. WASHINGTON, stating she was trying to reach under shower partition to play with his feet (07.07.17) - another LIE!

15. Plaintiff BALSEWICZ THREATENED 05.05.17 then BEATEN 05.07.17. WASHINGTON was THREATENED 07.07.17 then BEATEN 07.08.17. By the very same predatory Inmate RIVERS! And while prison officials were in fact made Aware of Inmate RIVERS THREATS - Plaintiff BALSEWICZ yelled at Defendant SERGEANT, JON PAWLKY - SEE: many SWORN DECLARATION=Id; and WASHINGTON complained to said "Lieutenent" and "Sergeant" when she exited Bath House. Id. [SEE: CODY A. LONGS 558 710 DECLARATION in which he (as a Bi-Sexual man) was ordered to lock-in cell with TRANSGENDER [Name unknown; on/off Gender Dysphoric list]; they fought. On November 19, 2017, TRANSWOMEN: LARENZO "STARBURST" CONERY 439104 'vs' HOMER S. "GIA" WASHINGTON 612930 had Argued loudly and Cell Hall Guards placed them both in segregation for alleged THREATS to each other.] Finally: On April 1, 2015, Plaintiff BALSEWICZ complained of being PREA- victimized by her cell mate, RAYMOND WALTON 192842, and for week prior to this. Then when she press the issue was given a conduct report and placed in segregation. WALTON like RIVERS, are NEVER DISCIPLINED when THREATS are made Against TRANSGENDER women in Wisconsin prisons! Even when made loudly and clearly in presence of guards - NOT even so much as placed in TEMPORARY LOCKUP STATUS Wis. Admin. Code ch § 303. 10- (1)(4)-(c) ' for PERSONAL safety reasons while security investigates - SECURITY NEVER does so for TRANSGENDER population. Yet, TRANSGENDERS ARE SWIFTLY SEGREGATED AND PUNISHED!

16. Plaintiff BALSEWICZ, SADLY, Knows this all too well! SEE: KONITZER V. HAMBLIN, 2013 U.S. Dist. LEXIS 138748 (W.D. Wis. Sept. 27, 2013): BALSEWICZ THREATENED KONITZER; KONITZER SNITCHED; GUARD TOLD BALSEWICZ; BALSEWICZ ATTACKED KONITZER; STAFF THERE LIKE HERE DID NOT TRY TO INVESTIGATE; GAURDS THERE LIKE HERE ALLOWED IT TO HAPPEN! BALSEWICZ is under strict rule "No violence; No self harm by: WDOC GENDER DYSPHORIC SPECIALIST/CONSULTANT, CYNTIA OSBOURN (MSW), if she is to

Complaint - 7

receive her hormone treatment. SEE: BALSEWICZ V. BLUMER, 17-CV-360-JPS, 2017 U.S. Dist. LEXIS 89698 (E.D. Wis. June 12, 2017) COMPLAINT. So, Specialist placing strict restrictions upon her NOT to engage in violence or be denied said Medical Treatment; then when THREATENED with physical violence, the guards do absolutely nothing to ensure her safety or protect her when they're informed. And she was BEATEN unconscious; Defendant: SERGEANT JON PAWLKY, was Deliberate Indifferent to Plaintiff BALSEWICZ'S Personal Safety!

17. Plaintiff BALSEWICZ submitted TWO (2) OPEN RECORDS REQUESTS (Wis. Stat. § 19.35) and WCI Record Custodian, CORENE GIEBEL, informed her twice that no records existed with neither the last name BALSEWICZ and/or WDOC # 226740 for the entire month of MAY 2017 (DOC-1160 for 05-25-17 / 07-02-17). Only when Plaintiff BALSEWICZ submitted her Inmate Complaint (DOC-400) WCI-2017-12851, 05-07-17 / filed 05-18-17 "only through her social worker B. FRAME" did she learn via Institution Complaint Examiner: TONIA MOON's Report (DOC-401); that not only did Defendant PAWLKY NOT take any Reasonable Precautionary and/or Preventive Measures to Ensure her Personal safety; but Defendant PAWLKY did NOT even do the simplest task of at least Documenting and/or Reporting Inmate RIVERS THREAT of Physical violence against Plaintiff BALSEWICZ to a Supervisor! The bear minimum! To at least Monitor the situation, And if need be, Move one or both, into Temporary Lock-up status for SAFETY reasons pursuant to: Wis. Admin. Code Ch. § 303.10 (1)(4)-(c) —— for THREATS § 303.18(1); for INVESTIGATION!

. . .

18. Defendant SERGEANT JON PAWLKY has the very same mentality as does other security at the WCI. As Defendant PAWLKY done nothing; nor did the supervisors! In fact, they Robert RYMARKIEWICZ (Captain of NCH) and Jeremy WESTRA (Captain: Hearing Officer & Special Placement Needs Investigator) SEE: BALSEWICZ DECLARATION, DOC· ! ; BOTH LAUGHED when she filed her Inmate Complaints WCI-2017-12851 and WCI-2017-16318; stating she "had wasted enough time for ICE, him-self and Cap't RYMARKIEWICZ with her unnecessary paperwork she would receive notification of her Denied SPN — signed WESTRA!" This is the general mentality of prison officials at the WCI for LGBTIQ inmates who complain about being THREATENED with Physical violence and/or actually BEATEN then request a SPN to be kept separate; if passes screening, during DISCOVERY it will be shown Captain WESTRA issues virtually NO SPN for LGBTIQ's.

19. Defendant SERGEANT JON PAWLKY, and ALL WCI personnel, are

DILIBERATELY INDIFFERENT

To the PERSONAL SAFETY NEEDS OF TRANSGENDERS with GENDER DYSPHORIA!

# V. EIGHTH AMENDMENT

## A. FAILURE TO PROTECT:

20. The EIGHTH AMENDMENT, which prohibits "Punishment" that is "Cruel and Unusual," imposes a duty on Prison Officials to provide: "Humane Conditions of Confinement" by ensuring that Inmates receive Adequate ... Medical Care ... PROTECTION ...; SEE: FARMER v. BRENNAN, 511 U.S. 825 (1994). Prison Officials also must ensure that "Reasonable Measures" are taken to guarantee Inmate SAFETY and PREVENT HARM ... When Prison Officials have Actual Knowledge of a Substantial Risk of Harm, They must take "Reasonable Steps" to PREVENT that HARM! FARMER, supra..

21. The Harm or Injury Plaintiff BALSEWICZ suffered was being Punched unconscious and at least one court states sufficiently supports showing of a Physical Injury NOT DE MINIMIS!" SEE: WAGGONER v. COMANCHE COUNTY DETENTION CENTER, 2007 WL 2068661, *4, (W.D. Okla., 07/17/07).

22. Defendant PAWLKY purposefully avoiding Knowledge can also amount to his own obvious Deliberate Indifference! "Officer notified of Risk could be held liable even if he didn't know the details of the Risk; to hold otherwise would essentially reward guards who put their own heads in the sand by making them immune from suit -- the less a guard knows the better. This view contradicts the FARMER, supra., decision." SEE: VELEZ v. JOHNSON, 395 F.3d 732, 736 (7th Cir. 2005). [And a "Jury could find officer testimony that he knew nothing about issues of [TRANSGENDERS or GENDER DYSPHORICS] Incredible and Deliberately Ignorant [Defendant PAWLKY] with Rank of a "SERGEANT" having worked at the WCI in the NCH and around TRANSWOMEN & Policies" Procedures pertaining to them, was AWARE of the Risks they face]" which is WHY They're housed in NCH. Esspecially when informed of a THREAT in the presence of many witnesses. SEE: MAYORAL v. SHEAHAN, 245 F.3d 934, 940 (7th Cir. 2000). And the FARMER, supra. standard is NOT designed to give any Prison Officials the motivation to take refuge in the Zone between Ignorance: THREAT of Physical Violence; and, Actual Knowledge: Gender Dysphoria (or Inmate RIVES feigning being G.D.) = SAME!

## B. DELIBERATE INDIFFERENCE:

23. The EIGHTH AMENDMENT standard of REVIEW: (1) OBJECTIVE: Defendant Actually knew of Substantial Risk of Serious Harm; SEE: Many DECLARATIONS Attached; (2) SUBJECTIVE: Defendant then failed to respond reasonably to it, SEE: BALSEWICZ' Inmate Complaint WCI-2017-12851. Id.

24. FARMER v. BRENNAN, 511 U.S. 825 (1994); WILSON v. SEITER, 501 U.S. 294 (1991); HELLING v. McKINNIE, 509 U.S. 25 (1993).

25. TO PLAINTIFF'S PERSONAL SAFETY!

U.S.C.A. VIII.

Melissa Balsr

C.  JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.
&  28 U.S.C. § 1343 (a)(1)(2).

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

NOW: AS to DEFENDANT: SERGEANT, JON PAWLKY, BOTH IN HIS: Individual and Official Capacities; PLAINTIFF: JOHN H. "MELISSA" BALSEWICZ HEREBY RESPECTFULLY REQUESTS:

AGAINST: DEFENDANT: SERGEANT, JON PAWLKY, FOR:

PUNITIVE DAMAGES:         Sum Total Amount: $50,000.00

INJUCTIVE RELIEF:         CEASE & DESIST ALL ABOVE CITED VIOLATIONS.

E.  JURY DEMAND

   I want a jury to hear my case.

   ☒ – YES        ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __16th__ day of __January__ 20_18_.

   Respectfully Submitted,

   _John H. "Melissa" Balsewicz_
   Signature of Plaintiff

   __WDOC # 226740__
   Plaintiff's Prisoner ID Number
   Waupun Correctional Institution
   200 S. Madison Street
   Post Office Box 351
   Waupun, WI. 53963
   (Mailing Address of Plaintiff)

   (If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE

☒   I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.

☐   I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.