# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN H. BALSEWICZ, *also known as* MELISSA BALSEWICZ,

    Plaintiff,

v.

SGT. JON PAWLKY,

    Defendant.

Case No. 18-CV-97-JPS

**ORDER**

Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $27.17. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) she was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff is a transgender inmate incarcerated at Waupun Correctional Institution ("WCI"). Her allegations in this case arise from Defendant's alleged failure to protect her from being beaten by another inmate, Denzel Samonte Rivers ("Rivers"). Specifically, Plaintiff alleges that on May 5, 2017, Rivers, who is not transgender, threatened her while she was in the bath house during the time allotted for transgender inmates and newly arriving inmates to shower. (Docket #1 at 4, 6). Plaintiff immediately told Defendant, Sergeant Jon Pawlky, that Rivers had just threatened her with physical violence. *Id.* at 4. Plaintiff also told Defendant that Rivers is not transgender (and was not a new inmate) and therefore should not be permitted to shower at that time. *Id.*

Two days later, on May 7, 2017, Plaintiff had another altercation with Rivers. They were both in the dining hall around the lunch hour and Rivers punched Plaintiff in her head several times for no reason. *Id.* at 5. Plaintiff collapsed to the floor. *Id.* Rivers kicked Plaintiff while she laid unconscious. *Id.* Another inmate at WCI apparently heard Rivers brag about having beaten up Plaintiff because she "snitched" to Defendant about the May 5

bath house threat. *Id.* at 6. Plaintiff eventually got up and informed security about the beating. *Id.* at 5. She was examined by medical staff and allowed to return to her cell. *Id.* Rivers was relocated to a restrictive housing unit. *Id.* Later that day, Plaintiff asked Defendant if he had done anything with or about her May 5 complaint concerning Rivers. *Id.* Defendant admitted that he had not documented the incident Plaintiff reported on May 5. *Id.*

Plaintiff tried to file inmate grievances about the threat and the beating, but complaint examiner Tonia Moon ("Moon"), who is not a defendant, allegedly frustrated Plaintiff's efforts to do so. *Id.* Plaintiff suspects Moon was protecting Defendant. *Id.* Plaintiff also alleges that another transgender inmate, Homer S. "Gia" Washington, was threatened and subsequently beaten by Rivers in July 2017, and none of the prison staff stepped in to protect her. *Id.* at 7-8. Finally, Plaintiff alleges that in 2015, she complained of being victimized by her cellmate, and her cellmate was not disciplined. *Id.* at 7. She believes this is unfair treatment, because transgender inmates are swiftly punished for their misconduct. *Id.*[1]

On these allegations, Plaintiff seeks to bring an Eighth Amendment claim against Defendant for his failure to protect her from the substantial risk of harm that Rivers posed to her. *Id.* at 9.[2]

---

[1] Plaintiff also alleges that at some point months after the beating incident, Defendant refused to give Plaintiff the medication she takes for bipolar disorder. (Docket #1 at 5). Plaintiff does not develop this allegation beyond a single sentence.

[2] Plaintiff alleges this claim against Defendant in both his individual and official capacities. (Docket #1 at 10). However, because Plaintiff does not seek injunctive relief from official policies or customs, but instead alleges the tortious conduct of an individual acting under color of state law, the Court finds that only an individual capacity claim is appropriate. *See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000).

The Eighth Amendment protects prisoners against the infliction of cruel and unusual punishment. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Id.* But the Eighth Amendment is not violated every time an inmate gets attacked by another inmate; prisons, after all, are dangerous places by their nature. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). And so, "an inmate has no claim 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). It is possible to show that a prison official actually knew of the risk because of circumstantial evidence or because the risk was obvious, longstanding, pervasive, or well-documented. *Farmer,* 511 U.S. at 842; *Mayoral,* 245 F.3d at 938–39. Once a prison official knows about a serious risk of harm, he has an obligation "to take reasonable measures to abate it." *Dale,* 548 F.3d at 569 (quoting *Borello v. Allison,* 446 F.3d 742, 747 (7th Cir. 2006)). An official's response may be reasonable even if it does not prevent the harm. *Id.*

Plaintiff's complaint passes the low bar of screening to state a claim against Defendant for deliberate indifference to the risk of harm Rivers posed to Plaintiff. Plaintiff alleges that she put Defendant on notice of a threat of violence posed by a specific inmate, and that Defendant chose to do nothing to abate that threat. Factual development might reveal that Defendant did not have actual knowledge of impending harm, *see Dale*, 548 F.3d at 569 ("[A]s the vagueness of a threat increases, the likelihood of

actual knowledge of impending harm decreases.") (quotation omitted), or an ability to respond, *see id.* ("The ultimate measure of the adequacy of the response is therefore reasonableness in light of the surrounding circumstances."). Those issues must be left for factual development.

Thus, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to a serious risk to her safety, in violation of the Eighth Amendment, against Defendant in his individual capacity. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from her institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to

another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated at any of these institutions, she will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge