# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN H. BALSEWICZ, *also known as* MELISSA BALSEWICZ,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN S. PAWLYK, C.O. ROBERT J. RYMARKIEWICZ, JEREMY L. WESTRA, ANTHONY L. MELI, TONIA MOON, PATRICK A. MAHONEY, and JOHN DOE,<br><br>    Defendants. | Case No. 18-CV-97-JPS<br><br><br>**ORDER** |

Plaintiff, who is incarcerated at Waupun Correctional Institution ("Waupun"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. (Docket #1). The Court screened Plaintiff's original complaint and allowed her to proceed on a claim that Defendant Jonathan S. Pawlyk ("Pawlyk") was deliberately indifferent to a serious risk to her safety, in violation of her rights under the Eighth Amendment. (Docket #9). Plaintiff has now filed an amended complaint, expounding on her claim and adding new claims and defendants. (Docket #13). She did so without leave of the Court as provided in the trial scheduling order. (Docket #12 at 1). The Court must now screen the amended complaint pursuant to 28 U.S.C. § 1915A(a).[1] All of the standards applicable to the screening

---

[1] Plaintiff filed an unnecessary motion to that effect along with the amended complaint. (Docket #15). The motion will be denied as moot.

process announced in the Court's original screening order apply here with equal force. (Docket #9 at 1–3).

Plaintiff is a transgender inmate incarcerated at Waupun. On May 5, 2017, while taking a shower, Plaintiff was threatened with violence by an inmate named Denzel Rivers ("Rivers"). (Docket #13 at 5). Plaintiff finished her shower and then went to Pawlyk and told him about the threat. *Id.* Two days later, Rivers made good on his threat, hitting Plaintiff in the head repeatedly and knocking her unconscious. *Id.* at 6. Plaintiff was seen by a nurse and then released to her cell. *Id.* Rivers was placed in punitive segregation. *Id.*

Plaintiff saw Pawlyk later that day and confronted him about the attack. *Id.* Pawlyk admitted that he had done nothing in response to Plaintiff's earlier complaint. *Id.* Thereafter, Plaintiff filed a formal complaint which was investigated. *Id.* at 6. Defendants Tonia Moon ("Moon"), an inmate complaint examiner, and Robert J. Rymarkiewicz ("Rymarkiewicz"), Jeremy L. Westra ("Westra"), and Anthony L. Meli ("Meli"), all correctional officers, participated in the investigation. *Id.* at 6–7. Plaintiff alleges that the investigation was insufficient, primarily by the defendants' failure to interview witnesses. *Id.*

Plaintiff further states that Rymarkiewicz, Westra, and Meli were aware that two other inmates, Homer Washington ("Washington") and Cashay Henderson ("Henderson") had made "continuous threats of physical violence" against her. *Id.* at 7. This seems to be based on complaints Plaintiff made to other correctional officers, who then wrote incident reports, which were reviewed by the defendant officers. Those officers also denied Plaintiff's request to be moved for her protection. *Id.*

Almost one year later, on April 5, 2018, Henderson attacked Plaintiff. *Id.* at 8. Prior to this, a date she fails to specify, Plaintiff filed an inmate complaint suggesting that she would be attacked. *Id.* Plaintiff asserts that after the altercation, Rymarkiewicz approved the movement of Henderson's friends to cells near her. *Id.* At another unspecified time, Plaintiff alleges that Rivers accused her of groping him before the May 7, 2017 incident. *Id.* Plaintiff says this accusation was false and was aimed solely to help Rivers get out of punitive segregation. *Id.*

Next, Plaintiff provides a timeline of events and suggests that it shows a pattern of indifference to her safety. *Id.* at 9. Plaintiff also asserts that Moon intentionally interfered with Plaintiff's ability to proceed on inmate complaints in order to protect the other defendants. *Id.* at 10. Finally, disconnected from her other allegations, Plaintiff states that defendant Patrick A. Mahoney ("Mahoney") used excessive force against her when breaking up the April 5, 2018 altercation. *Id.*

Plaintiff asserts that Defendants violated her Eighth Amendment rights by failing to protect her from the May 5, 2017 and April 5, 2018 beatings. *Id.* at 11. The Eighth Amendment protects prisoners against the infliction of cruel and unusual punishment. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Id.* But the Eighth Amendment is not violated every time an inmate gets attacked by another inmate; prisons, after all, are dangerous places by their nature. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). And so, "an inmate has no claim 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). It is possible to show that a prison official actually knew of the risk because of circumstantial evidence or because the risk was obvious, longstanding, pervasive, or well-documented. *Farmer*, 511 U.S. at 842; *Mayoral*, 245 F.3d at 938–39. Once a prison official knows about a serious risk of harm, he has an obligation "to take reasonable measures to abate it." *Dale*, 548 F.3d at 569 (quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). An official's response may be reasonable even if it does not prevent the harm. *Id.*

Plaintiff's allegations, generously construed, are sufficient for her to proceed against Pawlyk, Rymarkiewicz, Westra, and Meli on an Eighth Amendment claim that they failed to protect her. Pawlyk was directly informed of a threat to Plaintiff's safety and admittedly did nothing. As for the other defendants, it is less clear how much notice they had of the danger to Plaintiff, when they received such notice, and what they could have done about it. Still, whether their alleged liability is supported by the evidence must be left for later consideration.

Plaintiff may not proceed against Moon or Mahoney. Mahoney is not alleged to have any role in the failure-to-protect claim. Moon, as a complaint examiner, did not have power to help Plaintiff. This is in contrast to the correctional officer defendants, who could directly intervene in various ways. Further, it appears to the Court that Plaintiff seeks to assert a claim against Moon for interference with her access to courts, and a claim against Mahoney for excessive force. Both of these claims are not sufficiently related to the failure-to-protect claim, and thus Plaintiff may not proceed on them in this lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.").

In sum, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to a serious risk to her safety, in violation of the Eighth Amendment, against Pawlyk, Rymarkiewicz, Westra, and Meli, in their individual capacities. 28 U.S.C. § 1915A(b). Moon, Mahoney, and the John Doe defendant will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #13) shall be her operative pleading in this matter;

**IT IS FURTHER ORDERED** that Defendants Tonia Moon, Patrick A. Mahoney, and John Doe be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this Order; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to screen the amended complaint (Docket #15) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge