# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN H. BALSEWICZ, *also known as* MELISSA BALSEWICZ,<br><br>       Plaintiff,<br><br>v.<br><br>JONATHAN S. PAWLYK, C.O. ROBERT J. RYMARKIEWICZ, JEREMY L. WESTRA, and ANTHONY L. MELI,<br><br>       Defendants. | Case No. 18-CV-97-JPS<br><br>**ORDER** |

  Plaintiff alleges that Defendants failed to protect her from threats and attacks by other inmates in violation of her rights under the Eighth Amendment. (Docket #17). Near the beginning of this case in April 2018, Plaintiff filed a motion for a preliminary injunction. (Docket #8). Though the motion is difficult to follow, it appears that Plaintiff was concerned about a continued risk of violence against her. *Id.* She requests that prison officials save video and photographic evidence of any assaults against her, and she asks to be transferred to a different institution. *Id.*

  "To justify a preliminary injunction, [Plaintiff] must show that she is likely to succeed on the merits, . . . likely to suffer irreparable harm without the injunction, that the harm [she] would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and that the injunction is in the public interest." *Bontrager v. Ind. Family & Soc. Servs. Admin.*, 697 F.3d 604, 607 (7th Cir. 2012). "A preliminary injunction ordering [a] defendant to take an affirmative act rather than merely refrain from specific conduct," as is the case here, "is 'cautiously viewed and sparingly

issued.'" *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

Plaintiff has made no further mention of the motion for a preliminary injunction since it was filed. The Court could thus conclude that she no longer desires the relief requested therein. In any event, to the extent Plaintiff still wishes to pursue the motion, it must be denied. Ordering prison officials to preserve evidence is a matter for discovery and, if appropriate, a motion for spoliation sanctions. Discovery is now closed in this matter, so the request is moot. As to the request for transfer, such action concerns matters of prison administration which courts are reluctant to interfere with. Further, Plaintiff was required to come forward with compelling evidence that she is likely to succeed on the merits of her claims. The motion is, however, based solely on the allegations in her pleadings and her supporting affidavits. This falls far short of establishing any likelihood of success, much less a strong likelihood. Plaintiff has not shown entitlement to the extraordinary relief that is a court-ordered transfer.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a preliminary injunction (Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge